UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:11-cv-00136-RLV-DSC

| | |
|---|---|
| KAREN HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **SECOND AMENDED COMPLAINT** |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) **JURY TRIAL DEMAND** |
| ASSOCIATES, LLC; and | ) |
| WILLIAM J. ALLEN, P.A., | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.     This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

## PARTIES

4.      Plaintiff, Karen Hubbard ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Lincoln, and Town of Alexis.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and by N.C. Gen. Stat. § 58-70-90(2).

6.      Defendant, Portfolio Recovery Associates, LLC ("Portfolio"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and by N.C. Gen. Stat. § 58-70-90(3).

7.      Portfolio is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Portfolio is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9.      Portfolio is an entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts, or other delinquent consumer debt for collection purposes, where it either collects the debt itself or hires a third party for collection or an attorney-at-law for litigation in order to collect such debt.

10.     Portfolio is a "debt buyer" as defined by N.C. Gen. Stat. § 58-70-15(b)(4).

11.     Defendant, William J. Allen, P.A. ("Allen"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.     Allen is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

14.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

16.     Specifically, the alleged debt (hereinafter, the "Debt") is for a personal credit card issued by HSBC Card Services ("HSBC").

17.     The Debt comprises various charges for personal or family purposes, such as a recurring charge for a Blockbuster Online account, a charge for the Woodshed Steakhouse Restaurant, and a charge for the CareMor Family Pharmacy.

18.     Blockbuster Online's terms and conditions of use provide that a person may use the service "for noncommercial and personal use only."     *See* http://www.blockbuster.com/corporate/termsAndConditions.

19.     HSBC purportedly sent regular statements of account to Plaintiff regarding the Debt up until August 19, 2007.

20.     At that time, HSBC asserted that Plaintiff owed a balance of $1,287.76.

21.     After that date, HSBC did not send any further statements of account to Plaintiff.

22.     HSBC ceased charging interest or other charges to the Debt, and the balance allegedly due and owing remained at $1,287.76 after August 19, 2007.

23.     HSBC charged off the Debt in the amount of $1,287.76 prior to its sale of the Debt.

24.     On February 28, 2008, HSBC purportedly sold the Debt to Portfolio.

25.     Portfolio stated in its written correspondence to Plaintiff dated July 26, 2011, that the "Balance at Purchase" of Plaintiff's Debt was $1,287.76.

26.     This amount, as set forth above, was the same amount allegedly due by Plaintiff to HSBC on August 19, 2007.  In other words, no interest after August 19, 2007 was included in the sale, further evidencing that HSBC had ceased attempting to collect interest from Plaintiff after August 19, 2007, and thus waived its rights to collect interest after this date.

27.     When Portfolio purchased the debt from HSBC, Portfolio, as the alleged assignee, took HSBC's interest subject to all legal and equitable rights and defenses

4

existing at the time of the alleged assignment.  In other words, Portfolio only had the rights with regard to the Debt that HSBC had at the time of the purchase from HSBC by Portfolio.

28.     Portfolio did not have the right to charge Plaintiff interest on the alleged debt after August 19, 2007, as that right had been waived by HSBC.

29.     In its written correspondence to Plaintiff dated July 26, 2011, Portfolio asserted that Plaintiff owed an additional $348.00 in interest accrued on the Debt, above and beyond the $1,287.76, for a total amount due of $1,635.76.

30.     On June 6, 2008, Portfolio reported the Debt to Plaintiff's credit report in the amount of $1,313.

31.     On December 5, 2008, Portfolio reported the Debt to Plaintiff's credit report in the amount of $1,364.

32.     On February 6, 2009, Portfolio reported the Debt to Plaintiff's credit report in the amount of $1,382.

33.     Every month thereafter, Portfolio continued to report to Plaintiff's credit report an increase in the total balance owed on the Debt.

34.     As of June 1, 2012, Portfolio reported the Debt to Plaintiff's credit report in the amount of $1,724.

35.     In connection with collection of an alleged debt in default, Portfolio began placing telephone calls to Plaintiff in April, 2008.

36.     Portfolio placed a telephone call to Plaintiff's cellular telephone number on August 12, 2008, and at such time spoke with Plaintiff, who demanded that Defendant

5

cease and desist from placing any further telephone calls to her cellular telephone number.

37.    Portfolio placed telephone calls to Plaintiff's cellular telephone number, including but not limited to the following dates and times:

1) February 25, 2009 at 12:50 pm;
2) February 26, 2009 at 2:28 pm;
3) March 4, 2009 at 1:31 pm;
4) March 6, 2009 at 4:09 pm;
5) March 9, 2009 at 12:28 pm;
6) August 10, 2009 at 5:23 pm;
7) August 11, 2009 at 1:16 pm; and
8)  August 12, 2009 at 2:42 pm.

38.    Portfolio placed the telephone calls identified above to Plaintiff's cellular telephone number using an automatic telephone dialing system.

39.    Portfolio did not place any telephone calls to Plaintiff for emergency purposes.

40.    Portfolio did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

41.    Portfolio revoked any consent by instructing Portfolio to cease contacting her on August 12, 2008.

42.    Portfolio placed the telephone calls identified above voluntarily.

43.    Portfolio placed the telephone calls identified above under its own free will.

44.    Portfolio had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

45.     Portfolio intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

46.     On September 24, 2009, Portfolio, represented by Allen, filed a lawsuit against Plaintiff in the General Court of Justice in and for Gaston County, North Carolina in an effort to collect the alleged debt.

47.     Portfolio's employee and/or agent, Christina Smith, submitted an affidavit attesting on personal knowledge that Plaintiff owed the debt.

48.     Upon information and belief, Portfolio's employee and/or agent, Christina Smith, had no personal knowledge as to whether Plaintiff owed such debt.

49.     Plaintiff appeared and defended the lawsuit, *pro se*.

50.     On or about July 23, 2011, Plaintiff received from Defendants written discovery requests in connection with Defendants' lawsuit to collect the alleged debt, including interrogatories, requests for production, and requests for admission.

51.     The discovery requests asked Plaintiff to admit, among other things, that Plaintiff obtained extensions of credit and failed to repay the creditor for the same, and that a valid debt was due and owing.

52.     Defendants' discovery requests contained no explanation that the requests would be deemed admitted if Plaintiff did not timely respond.

53.     Plaintiff sent written discovery requests to Allen on June 21, 2011.

54.     Defendants did not answer Plaintiff's written discovery, and instead filed a voluntary dismissal of the lawsuit on or about August 12, 2011.

55.     Upon information and belief, Allen, itself and on behalf of Portfolio, filed the lawsuit without the intention of prosecuting the lawsuit through to its completion, instead hoping to win on default.

56.     When Plaintiff appeared and exercised her rights under the procedural forum to collect the debt that Defendants chose, by requesting basic information and documents from Defendants to support their allegations, Defendants dismissed the suit instead of providing the requested information to Plaintiff.

57.     Upon information and belief, Defendants filed the lawsuit in an effort to coerce Plaintiff into foregoing her right to make Defendants prove she owed the debt and paying the alleged debt out of intimidation or frustration.

58.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' conduct Plaintiff has suffered mental anguish and/or emotional distress.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d
### PORTFOLIO AND ALLEN

59.     Plaintiff repeats and re-alleges each and every allegation contained above.

60.     The FDCPA provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d.

61.     Defendants Portfolio and Allen violated 15 U.S.C. § 1692d by filing a lawsuit against Plaintiff in effort to collect an alleged debt with no intent to prosecute the

lawsuit to its completion if Plaintiff appeared and defended, instead hoping to either win on default or coerce Plaintiff into paying the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692d;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per defendant;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## PORTFOLIO

62.  Plaintiff repeats and re-alleges each and every allegation contained above.

63.  The FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt.

15 U.S.C. § 1692e(2)(A).

64.     Portfolio violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including representing interest had accrued on the debt and was collectible.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Portfolio violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
**PORTFOLIO**

65.     Plaintiff repeats and re-alleges each and every allegation contained above.

66.     The FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

10

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

67.     Portfolio violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or which should be known to be false, including by reporting that interest had accrued and was due and owing on the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Portfolio violated 15 U.S.C. § 1692e(8);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## PORTFOLIO AND ALLEN

68.     Plaintiff repeats and re-alleges each and every allegation contained above.

69.     The FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

70.     Portfolio violated 15 U.S.C. § 1692e(10), via its employee and/or agent, Christina Smith, by submitting an affidavit purportedly based on personal knowledge, when upon information and belief, Christina Smith had no personal knowledge of the facts attested to in the affidavit.

71.     Defendants Portfolio and Allen violated 15 U.S.C. § 1692e(10) by requesting Plaintiff to admit false information in connection with its lawsuit to collect the alleged debt without any explanation that Plaintiff's failure to timely respond would result in the requests being deemed admitted, thereby using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt.

72.     Portfolio violated 15 U.S.C. § 1692e(10) by falsely representing that it was entitled to collect interest on Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per defendant;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692f
## PORTFOLIO AND ALLEN

73.  Plaintiff repeats and re-alleges each and every allegation contained above.

74.  The FDCPA provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

75.  Defendants Portfolio and Allen violated 15 U.S.C. § 1692f by requesting Plaintiff to admit false information in connection with its lawsuit to collect the alleged debt without any explanation that Plaintiff's failure to timely respond would result in the requests being deemed admitted, which is an unfair and unconscionable means used to collect or attempt to collect Plaintiff's alleged debt.

76.  Defendants Portfolio and Allen violated 15 U.S.C. § 1692f by filing a lawsuit against Plaintiff in effort to collect an alleged debt with no reasonable basis for doing so, other than to coerce her into paying the alleged debt, which is an unfair and unconscionable means to collect or attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f(1)
## PORTFOLIO

77.     Plaintiff repeats and re-alleges each and every allegation contained above.

78.     The FDCPA provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)

79.     Portfolio violated 15 U.S.C. § 1692f(1) attempting to collect interest on

Plaintiff's Debt where it was not permitted to do so.

14

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Portfolio violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per defendant;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. § 58-70-100
## PORTFOLIO

80. Plaintiff repeats and re-alleges each and every allegation above.

81. The NCCAA provides: "No collection agency shall use any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt."  N.C. Gen. Stat. § 58-70-100.

82. Portfolio violated N.C. Gen. Stat. § 58-70-100 by filing and persisting with a lawsuit against Plaintiff in effort to collect an alleged debt with no intent to prosecute the litigation if Plaintiff appeared and defended the suit, and with the purpose to harass Plaintiff and coerce her into paying the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Portfolio violated N.C. Gen. Stat. § 58-70-100;

b)  Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c)  Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF N.C. GEN. STAT. § 58-70-110
## PORTFOLIO

83.   Plaintiff repeats and re-alleges each and every allegation above.

84.   The NCCAA provides: "No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."  N.C. Gen. Stat. § 58-70-110.

85.   Portfolio violated N.C. Gen. Stat. § 58-70-110 by requesting Plaintiff to admit false information in connection with its lawsuit to collect the alleged debt without any explanation that Plaintiff's failure to timely respond would result in the requests being deemed admitted, which is a fraudulent, deceptive or misleading representation used to collect or attempt to collect Plaintiff's alleged debt.

86.     Portfolio violated N.C. Gen. Stat. § 58-70-110, via its employee and/or agent, Christina Smith, by submitting an affidavit purportedly based on personal knowledge, when upon information and belief, Christina Smith had no personal knowledge of the facts attested to in the affidavit.

87.     Portfolio violated N.C. Gen. Stat. § 58-70-110 by falsely representing that it could collect interest on Plaintiff's alleged debt and by attempting to collect an amount it was not entitled to collect.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated N.C. Gen. Stat. § 58-70-110;

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF N.C. GEN. STAT. § 58-70-110(4)**
**PORTFOLIO**

88.     Plaintiff repeats and re-alleges each and every allegation above.

17

89.     The NCCAA prohibits "[f]alsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding."  N.C. Gen. Stat. § 58-70-110(4).

90.     Portfolio violated N.C. Gen. Stat. § 58-70-110(4) by falsely representing the character, extent, or amount of Plaintiff's alleged debt on each occasion that it reported Plaintiff's Debt to the credit bureaus and represented that the balance had increased due to accrual of interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated N.C. Gen. Stat. § 58-70-110(4);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF N.C. GEN. STAT. § 58-70-115**
**PORTFOLIO**

91.     Plaintiff repeats and re-alleges each and every allegation above.

18

92.     The NCCAA provides: "No collection agency shall collect or attempt to collect any debt by use of any unfair practices."  N.C. Gen. Stat. § 58-70-115.

93.     Portfolio violated N.C. Gen. Stat. § 58-70-115 by requesting Plaintiff to admit false information in connection with its lawsuit to collect the alleged debt without any explanation that Plaintiff's failure to timely respond would result in the requests being deemed admitted, which is an unfair practice used to collect or attempt to collect Plaintiff's alleged debt.

94.     Portfolio violated N.C. Gen. Stat. § 58-70-115 by filing and persisting with a lawsuit against Plaintiff in effort to collect an alleged debt with no intent to prosecute the litigation if Plaintiff appeared and defended the suit, and with the purpose to harass Plaintiff and coerce her into paying the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated N.C. Gen. Stat. § 58-70-115;

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## PORTFOLIO

95.     Plaintiff repeats and re-alleges each and every allegation contained above.

96.     Portfolio violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Portfolio from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

97.     Plaintiff is entitled to and hereby demands a trial by jury.


DATED this 3rd day of December, 2012.

Respectfully submitted,

/s/Russell S. Thompson IV
Russell S. Thompson IV
*Pro hac vice*
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
(888) 595-9111 ext 244
(866) 565-1327 (fax)
rthompson@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 3, 2012, the foregoing document was filed with the Western District of North Carolina, using CM/ECF, which will send notification of such filing to the following:

Caren D. Enloe
Morris Manning & Martin, LLP
P.O. Box 12768
Research Triangle Park, NC 27709
cenloe@mmmlaw.com

James P. Galvin
Thurman, Wilson, Boutwell & Galvin, P.A.
Cameron Brown Building, Ste. 608
301 S. McDowell St.
Charlotte, NC 28204
james@twbglaw.com

<u>/s/Russell S. Thompson IV</u>
Russell S. Thompson IV